IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EULA DICKSON, et al.** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No. **PJM 09-937** |
| | * | |
| **COHN, GOLDBERG & DEUTSCH LAW FIRM, et al.** | * | |
| | * | |
| | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

*Pro se* Plaintiffs Eula and Andrea Dickson have sued multiple Defendants, alleging thirteen separate counts arising out of a foreclosure action that took place in the Circuit Court for Prince George's County, Maryland. The foreclosure concerned real property in Upper Marlboro, Maryland owned by Plaintiffs. Defendants Cohn, Goldberg & Deutsch, LLC on behalf of itself and Defendants Darlene Buzzard, Patricia Krieger, Stephen N. Goldberg, Richard E. Solomon, Ronald S. Deutsch, Edward S. Cohn, and Richard J. Rogers have filed a Motion to Dismiss, arguing that the Complaint fails to state any claim upon which relief can be granted.[1] The Court **GRANTS** the Motion to Dismiss.

**I.**

Although the Complaint is bare on facts, it can be discerned that on or about July 25,

---

[1] The Motion does not include Defendants Mortgage Electronic Regulation Systems, Inc. ("MERS") or Recontrust Company, which apparently have yet to be served. Plaintiffs are directed to serve these two Defendants within 60 days, and MERS and Recontrust Company are directed to respond within 20 days following service upon them.

-1-

2006, Plaintiffs purchased property in Upper Marlboro, Maryland, and financed the purchase through a loan from Countrywide Home Loans, Inc. ("Countrywide").  The terms of the loan were memorialized in a promissory note secured by a Deed of Trust, which was duly recorded.  At some point, Plaintiffs fell behind on making loan payments, and on December 14, 2007 a foreclosure action was docketed in the Circuit Court for Prince George's County, Maryland.  Defendants Goldberg, Solomon, Deutsch, Cohn, and Rogers, acting as Substitute Trustees appointed as such by a Deed of Appointment of Substitute Trustees, were the named plaintiffs in the foreclosure action.  Defendant Cohn, Goldberg & Deutsch, LLC acted as counsel to the Substitute Trustees.  Defendants Buzzard and Krieger, employees of Cohn, Goldberg & Deutsch, LLC, acted as Attorneys in Fact for Countrywide, under power of attorney, for the purpose of executing various documents necessary to the foreclosure process.  The foreclosure sale was ratified by the Circuit Court on March 14, 2008.  On June 2, 2008, the Circuit Court overruled Plaintiffs' exceptions to the sale.  This suit followed.

Plaintiffs claim that, at the time they entered into the mortgage loan agreement, they did not receive required documents and disclosure statements, that Countrywide did not have a right to initiate foreclosure under the Deed of Trust, that Countrywide did not have the right to direct Cohn, Goldberg & Deutsch, LLC to foreclose and sell the subject property, and that the trustee's sale was void because employees of the Cohn, Goldberg & Deutsch, LLC submitted false documents.  Plaintiffs claim violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the "Maryland Industrial Loan Act," and RICO.  They also claim wrongful foreclosure, slander of title, civil conspiracy, unfair business practices, imposition of constructive trust, and fraud.  Finally, they seek to quiet title, to set aside the

trustee sale, and to cancel the trustee's deed. Defendants argue that Plaintiffs have no meritorious claim against them based on any of the theories proposed in Plaintiffs' Complaint.

**II.**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In making its determination, the court must consider all well-pled allegations in a complaint as true and construe all factual allegations in a light most favorable to the plaintiff. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). The court need not, however, accept conclusory factual allegations devoid of any reference to actual events. *See E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**III.**

The Court agrees with Defendants that all of Plaintiffs' claims against them must be dismissed for failure to state a claim upon which relief may be granted. While claims do not have to be pled in great detail, a complaint must at least contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Supreme Court has explained that this requirement means a plaintiff must set forth sufficient facts to state a plausible claim for relief. *Twombly*, 550 U.S. at 570. Conclusory statements without "reference to actual events" will not suffice. *E. Shore Markets*, 213 F.3d at 180.

The Complaint does not meet this standard.

Count One, which asserts that Defendants violated TILA because Plaintiffs were not provided mandatory disclosure statements at the time they entered into the loan with

-3-

Countrywide, *see* 15 U.S.C. § 1601, fails because TILA applies only to "creditors" and none of the Defendants fall within the definition of "creditor" as contemplated by TILA. *See* 15 U.S.C.A. § 103(f).

Count Two, a RESPA claim under 12 U.S.C. § 2601, fails because none of the Defendants is either a "loan servicer" or "title company," and none, therefore, is covered by RESPA.

As to Count Three, styled "Maryland Industrial Loan Act," the Court can find no so such law and Plaintiffs provide no cite for the "Act."[2]

Count Ten, styled "Unfair Business Practices – Maryland Business & Professional Code," consists of a vague reference to the Maryland Business & Professional Code, but sets forth no discernible cause of action.

All the remaining counts are barred by the doctrine of *res judicata*. Each of these counts relates to apparent violations of the foreclosure sale. But, on March 14, 2008, the foreclosure sale was ratified by order of the Circuit Court for Prince George's County, Maryland, and Plaintiffs exceptions to the sale were thereafter overruled. The state circuit court, not the present federal one, had the final say on all motions relating to the foreclosure, whether or not Plaintiffs chose to raise specific issues in that proceeding.

---

[2] The only reference the Court could find regarding a law in Maryland regulating Industrial Loans is Maryland Fin. Inst. Code § 5-1003(c), which prohibits "a banking institution or out-of-state bank from establishing or maintaining a branch in the State on the premises or property of an affiliate if the affiliate engages in commercial activities," which is clearly inapplicable in this case.

## IV.

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Dismiss.

A separate Order will issue.

                                                    /s/
                             **PETER J. MESSITTE**
                   **UNITED STATES DISTRICT JUDGE**

December 4, 2009