IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EULA DICKSON, et al.** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No. **PJM 09-937** |
| | * | |
| **COHN, GOLDBERG & DEUTSCH** | * | |
| **LAW FIRM, et al.** | * | |
| | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

*Pro se* Plaintiffs Eula and Andrea Dickson have sued multiple Defendants, alleging thirteen separate counts arising out of a foreclosure action that took place in the Circuit Court for Prince George's County, Maryland. The foreclosure concerned real property in Upper Marlboro, Maryland owned by Plaintiffs. The Court denied Plaintiffs' Motion for a Temporary Restraining Order and limited service to a single Defendant, Cohen, Goldberg & Deutsch Law Firm ("Law Firm Defendant"). Thereafter, the Law Firm Defendant filed a Motion to Dismiss on behalf of itself and all individual Defendants, arguing that the Complaint failed to state any claim upon which relief can be granted. After considering the Motion, the Court granted the Law Firm's Motion and dismissed the Complaint against the Law Firm and all individual Defendants with prejudice. *Dickson v. Cohn, Goldberg & Deutsch Law Firm*, 2009 WL 4730986 (D. Md. 2009). Plaintiffs were directed to serve the two remaining corporate Defendants, Mortgage Electronic Regulation Systems, Inc. ("MERS") and ReconTrust Company ("Lender Defendants"), which

-1-

they apparently did. Those Defendants have now jointly filed the pending Motion to Dismiss [Paper No. 20].

For the foregoing reasons, the Court **GRANTS** the Motion.

**I.**

As more fully explained in the Court's prior opinion, the Complaint, although bare on facts, arises out of a foreclosure action of Plaintiffs' property located in Upper Marlboro, Maryland, which was presumably financed through a loan secured through the Lender Defendants. At some point, Plaintiffs fell behind on making the loan payments, and on December 14, 2007 a foreclosure action was docketed in the Circuit Court for Prince George's County, Maryland. A foreclosure sale was ratified by the Circuit Court on March 14, 2008. On June 2, 2008, the Circuit Court overruled Plaintiffs' exceptions to the sale. This suit followed.

Here, Plaintiffs claim violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the "Maryland Industrial Loan Act," and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). They also claim wrongful foreclosure, slander of title, civil conspiracy, unfair business practices, imposition of constructive trust, and fraud. Finally, they seek to quiet title, to set aside the trustee sale, and to cancel the trustee's deed. The Lender Defendants argue that Plaintiffs have asserted no meritorious claim against them.

**II.**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In making its determination, the court must consider all well-pled allegations in a

complaint as true and construe all factual allegations in a light most favorable to the plaintiff. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). The court need not, however, accept conclusory factual allegations devoid of any reference to actual events. *See E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## III.

The Court agrees with the Lender Defendants that Plaintiffs' claims against them must be dismissed for failure to state a claim upon which relief may be granted.

Count One, which asserts that Defendants violated TILA because Plaintiffs were not provided mandatory disclosure statements at the time they entered into the loan in July 2006 fails because a claim for damages under TILA must be brought within one-year. *See* 15 U.S.C. § 1640(e). Plaintiffs did not file this suit until April 2009, almost three years after the loan was finalized. Accordingly, they are barred from recovery of monetary damages under TILA. To the extent that Plaintiffs are claiming the right to rescind the mortgage loan under TILA, this claim is barred by the doctrine of *res judicata* because it relates to the judgment of the Circuit Court, which ratified the foreclosure sale.

Count Two, a RESPA claim under 12 U.S.C. § 2601, fails for several reasons. First, as the Lender Defendants correctly point out, Plaintiffs do not even cite to the section of RESPA they claim was violated. Although claims do not have to be pled in great detail, a complaint must at least contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Conclusory statements without "reference to actual events" will not suffice. *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180

(4th Cir. 2000). Second, to the extent Plaintiffs claim they did not receive the information set forth in RESPA § 2604, no private right of action exists for failing to provide the information set forth in that section. *See Barrett v. Am. Partners Bank*, 2009 WL 2366282 at *7 (D. Md. 2009). Accordingly, the RESPA claim is dismissed against the Lender Defendants.

All remaining counts are dismissed against the Lender Defendants for the same reasons the Court dismissed these counts against the Law Firm Defendants in its earlier opinion. *See Dickson v. Cohn, Goldberg & Deutsch Law Firm*, 2009 WL 4730986 (D. Md. 2009).

### IV.

For the foregoing reasons, the Court **GRANTS** the Lender Defendants' Motion to Dismiss [Paper No. 20] and the Clerk will be directed to **CLOSE** this case.

A separate Order will issue.

**June 18, 2010**

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**